United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41532
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON GONZALEZ-LOPEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-891-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ramon Gonzales-Lopez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 57 months of imprisonment and three years of supervised release.

Gonzalez-Lopez's constitutional challenge to § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gonzalez-Lopez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez-Lopez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gonzalez-Lopez's conviction is affirmed.

Gonzalez-Lopez contends that his sentence must be vacated because he was sentenced pursuant to mandatory Sentencing Guidelines that were held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). He asserts that the error is structural and is insusceptible of harmless error analysis. Contrary to Gonzalez-Lopez's contention, we have previously rejected this specific argument. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Gonzalez-Lopez contends that the Government cannot show that the Fanfan error was harmless. We review Gonzalez-Lopez's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). Walters, 418 F.3d at 463.

Gonzalez-Lopez was sentenced at the low end of the guideline range. The record provides no indication, and the Government has not shown, that the district court would not have sentenced Gonzalez-Lopez differently under an advisory guidelines system. See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005).

Accordingly, Gonzalez-Lopez's sentence is vacated, and his case is remanded for further proceedings consistent with this opinion.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.